## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT SCHWARTZ,

       Petitioner,

v.                               CASE NO: 8:12-CV-1175-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

       Respondents.

_____/

## ORDER

      Petitioner, Robert Schwartz, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #9), and Schwartz's reply (Dkt. #11). Upon review, the Court determines that the petition must be denied because Schwartz's claims are procedurally barred or fail on the merits.

## BACKGROUND

      Schwartz was charged with one count of burglary (assault or battery) and three counts of armed robbery. Schwartz qualified as a prison releasee reoffender, and, therefore, was subject to a mandatory life sentence if convicted of any of these four offenses. Instead, pursuant to a negotiated plea agreement, Schwartz pled no contest to two counts of strong-arm robbery and received concurrent sentences of 15 years as a

prison releasee reoffender. Schwartz did not pursue a direct appeal of his judgment of conviction, which was entered on December 19, 2008.

On March 23, 2009, Schwartz filed a motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850. In his initial motion, Schwartz raised three grounds claiming ineffective assistance of counsel. Schwartz then filed an amended motion for post conviction relief with an additional ground attacking the validity of Schwartz's plea. Schwartz specifically raised the following grounds in his original and amended motions for post conviction relief:

**Issue One:** Trial counsel was ineffective for misadvising Schwartz of the consequences of his plea;

**Issue Two:** Trial counsel was ineffective for failing to have Schwartz evaluated by a psychiatrist;

**Issue Three:** Trial counsel was ineffective for advising Schwartz to plead guilty before reviewing his case; and

**Issue Four:** Schwartz's plea was involuntary as the trial court failed to advise him of the minimum and maximum penalties, and failed to inquire as to his mental competence to enter the plea.

After an evidentiary hearing was held on January 7, 2011, the state court entered an order on January 13, 2011, denying relief on all grounds. Schwartz appealed, and the denial was affirmed *per curiam* on January 25, 2012. The mandate issued on February 23, 2012.

Schwartz filed the present petition for writ of habeas corpus on May 21, 2012, raising the following grounds for relief:

**Ground One:** Trial counsel misadvised Schwartz about the actual sentence before plea;

**Ground Two:**       Trial counsel failed to have Schwartz evaluated by a psychiatrist when she was aware that Schwartz had mental health issues;

**Ground Three:**    Trial counsel failed to fully investigate the case before entry of Schwartz's plea; and

**Ground Four:**     The plea colloquy was inadequate, and the plea was unknowing and involuntary.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective as of April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Supreme Court has cautioned that § 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, Section 2254(d) governs the review of those claims. *Price v. Vincent*, 538 U.S. 634, 638 (2003). A federal court may grant a § 2254 petition only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Price v. Vincent*, 538 U.S. at 638-39; *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

In *Putnam v. Head*, 268 F.3d 1223 (11th Cir. 2001), the Eleventh Circuit discussed the meaning of the "contrary to" and "unreasonable application" clauses of § 2254(d)(1):

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case.

*Putnam*, 268 F.3d at 1241.

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). Even when a state court decision is not accompanied by an explanation, the petitioner's burden "must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). Moreover, a state court's factual findings shall be presumed correct, and the habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* at 694. Counsel is not ineffective for failing to raise a non-meritorious claim. *Diaz v. Secretary for the Dept. of Corrections*, 402 F.3d 1136 (11th Cir. 2005).

The Supreme Court recently observed that "surmounting *Strickland*'s high bar is never an easy task," and review under the AEDPA is doubly deferential. *Harrington*, 131 S.Ct. at 787. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788.

## DISCUSSION

**Timeliness:**

Schwartz timely filed the present petition pursuant to the one-year limitation period of 28 U.S.C. § 2244(d)(1), as amended by AEDPA.

**Ground One:**     Trial counsel misadvised Schwartz about the actual sentence before plea.

In support of ground one, Schwartz argues that his counsel advised him that the State was offering either a split sentence of ten years in state prison and then five years on probation or fifteen years in state prison. Schwartz agreed to the spilt sentence. Schwartz claims that at the plea hearing on December 19, 2008, his counsel specifically promised him that he was receiving the split sentence deal. He contends that, due to his use of medication to treat his schizophrenia, he only understood what his counsel told him and did not comprehend that the deal was for fifteen years of state prison.

The state post conviction court held an evidentiary hearing on this ground and ultimately denied relief. At the evidentiary hearing, Schwartz's counsel testified that the

split sentence offer had been extended on December 16, 2008, and would have required Schwartz to testify against his co-defendants. When Schwartz's counsel spoke to him about the plea deals, Schwartz preferred the split sentence option, but he wanted to be sentenced immediately. After inquiring with the prosecutor, Schwartz's counsel received an email on December 17, 2008, stating that the prosecutor was no longer offering the split sentence deal and did not want Schwartz's testimony against his co-defendants. The prosecutor indicated that after reading the statements of all of the defendants, she found Schwartz's statement to be the least credible. Schwartz's counsel additionally testified, consistent with her statements at the plea colloquy, that she had explained the 15-year prison releasee reoffender sentence to Schwartz before he pled.

The post conviction court made a factual determination that Schwartz's counsel's testimony regarding the events surrounding the plea deal was more credible than Schwartz's account. The state court also found that "the written plea form itself supports [Schwartz's counsel]'s version." Order Denying Motion (Dkt. #10-1, Ex. 10), ¶ 7. The length of Schwartz's sentence and the prison releasee reoffender status were clearly indicated on the first page of the plea form that Schwartz signed. *Id.* The post conviction court also noted that the transcript from the plea colloquy supported Schwartz's counsel, and the gravity of the documentary evidence could not be disregarded. *Id.* Although Schwartz disputed the evidence, the court found that he failed to meet his burden of proof. *Id.* This Court presumes that the state court's factual findings are correct, and Schwartz has not met his burden of rebutting this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The state court decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts. Accordingly, this ground fails.

**<u>Ground Two:</u>**        Trial counsel failed to have Schwartz evaluated by a psychiatrist when she was aware that Schwartz had mental health issues.

In support of ground two, Schwartz argues that he advised his counsel at the initial interview of his mental health disorders and the medications he was using to treat them. He also claims that there was proof of his incompetence and that he advised counsel he needed to be evaluated. Schwartz contends that his counsel's performance was deficient because she never obtained an evaluation or made the court aware of his mental health issues.

The state post conviction court held an evidentiary hearing on this ground and found that Schwartz failed to show how the outcome would have been different had his counsel done as he now suggests. Opinion Denying Motion (Dkt. #10-1, Ex. 10), ¶ 2. The state court also determined that:

> [Schwartz's counsel] testified that in her dealings with [Schwartz] he was lucid and gave no indication of being unable to participate in his defense. [Schwartz]'s behavior at the evidentiary hearing, which was coherent, respectful, and oriented, lends support to her reaction. The fact [Schwartz] suffers from mental illness, while unfortunate, does not automatically entitle him to relief. It was incumbent upon him to establish that his condition, as of the date of the plea, was so serious as to raise legitimate questions as to his competency or sanity. While defense counsel is correct that it might be challenging to establish competency after two years' time, it is conceivable that expert testimony could shed light on the extent and severity of [Schwartz]'s mental condition. No such evidence was produced at hearing.

*Id.*

The state court decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts. Accordingly, this ground fails.

**<u>Ground Three:</u>**     Trial counsel failed to fully investigate the case before entry of Schwartz's plea.

In support of ground three, Schwartz argues that there were many different issues and defenses for his case, such as his mental health, contradictory witness statements, and identity issues that his counsel failed to explore. Schwartz claims that his counsel advised him to accept the plea deal without fully investigating his case.

The state post conviction court held an evidentiary hearing on this ground and ultimately denied relief. The plea was entered not long after arraignment, but Schwartz's counsel still obtained all the police reports and witness lists and provided them to Schwartz about a week before his plea. Order Denying Motion (Dkt. #10-1, Ex. 10), ¶3. The post conviction court found "no reason to conclude that [counsel] did not familiarize herself with the reports, or that she did not ascertain the position Schwartz would have taken at trial." *Id.* In addition, the court noted that counsel did not aggressively urge the entry of the plea, although she made Schwartz aware of the potential for a mandatory life sentence. *Id.*

The court determined that Schwartz "[did] not [establish] what a more intensive investigation would have accomplished," and "failed to establish that a different outcome could have been had with a more extensive pretrial investigation." Order Denying Motion (Dkt. #10-1, Ex. 10), ¶4. The only witness Schwartz provided was a girlfriend who was

not present at the crime scene, and who would have related that Schwartz told her that he was going to the drug house to purchase methamphetamine. *Id.* The court indicated that Schwartz's counsel was not deficient for concluding that the witness was of no value. *Id.*

The state court decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts. Accordingly, this ground fails.

**<u>Ground Four:</u>**      The plea colloquy was inadequate, and the plea was unknowing and involuntary.

In support of ground four, Schwartz argues that the trial court failed to ask Schwartz about his knowledge of the minimum and maximum penalties, his understanding of the plea, his mental status, or whether he was under the influence of any drugs or medications. Schwartz claims that the mental health medications he was taking interfered with his understanding of the plea, and that he would not have pled no contest if he understood which sentence he was going to receive. In Schwartz's Memorandum of Law in Support of Petition for Writ of Habeas Corpus, Schwartz also mentions that his counsel was ineffective for failing to ensure an adequate colloquy. (Dkt. #2), p. 12.

First, ground four is procedurally barred as unexhausted. In order to exhaust a claim, a petitioner must present the state court with the particular legal basis for relief, in addition to the facts supporting the claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly present federal claims to the state courts in order to give the state the opportunity to pass

on and correct alleged violations of its prisoners' federal rights.'") (*quoting Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

In his amended rule 3.850 petition alleging inadequacy of the plea colloquy, Schwartz did not present the state court with any federal claims. In Schwartz's appeal from the denial of post conviction relief, Schwartz attempted to insert an argument that trial counsel rendered ineffective assistance by failing to ensure the plea colloquy was adequate. Initial Brief of Schwartz (Dkt. #10-1, Ex. 11), p. 17. This ineffective assistance argument was not included in his initial or amended motion for post conviction relief.

Schwartz did not cite any federal cases and made no reference to the United States Constitution or federal law in his amended motion for post conviction relief. Although Schwartz mentioned due process in his amended motion, he only cited state cases to support his contention that his due process rights had been violated by the allegedly inadequate plea colloquy. *See* Schwartz's Amended Motion for Post Conviction Relief (Dkt. #10-1, Ex. 7). Consequently, the state post conviction court was not given the opportunity to address any federal law issues related to this ground.

Schwartz's ground, and any cause allegation, is now barred by the two-year limitation of rule 3.850 and the state's successive petition and law of the case doctrines. *See Isley v. State*, 652 So.2d 409 (Fla. 5th DCA 1995) (bar to successive claims which were or could have been raised previously under doctrines of res judicata and law of the case applies equally to petitions for habeas corpus). Not showing cause, Schwartz cannot avoid his default. *See Engle v. Isaac*, 456 U.S. 107, 135 (1982). Therefore, review of ground four is foreclosed by his procedural default.

Even if it were not procedurally barred, Schwartz's claim in ground four would be denied on the merits. The state post conviction court held an evidentiary hearing on the adequacy of the plea colloquy, and the court ruled that Schwartz failed to show that his plea was not knowingly and voluntarily entered. The court specifically found that even if the court had inquired into Schwartz's mental illness history and his use of medications, "the plea could have gone forward." Order Denying Motion (Dkt. #10-1, Ex. 10), ¶ 10. The court continued that:

> With regard to [Schwartz]'s mental illness, the trial judge would have learned that [Schwartz] had never been declared incompetent to stand trial or not guilty by reason of insanity, that defense counsel had perceived no basis for concluding such an outcome was likely in this case, and that [Schwartz] had an adequate understanding of the charges against him, his theory of defense, and the potential sentencing consequences. There would have been no basis for the Court to *sua sponte* demand a mental health inquiry regardless of defense counsel's opinion.

*Id.* The court also found that, according to Schwartz's own testimony, although he did not function particularly well immediately after taking his medications, by the afternoon he was usually better. *Id.* Schwartz's plea was entered in the afternoon. *Id.* The state decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts.

Schwartz's implication that his counsel rendered ineffective assistance by failing to ensure an adequate plea colloquy fails on the merits as well. The state court denied the underlying claim, finding that the plea colloquy was not so defective as to render Schwartz's plea involuntary or unknowing. Counsel is not ineffective for failing to raise

non-meritorious claims. *Diaz v. Secretary for the Dept. of Corrections*, 402 F.3d 1136 (11th Cir. 2005).

In addition, no prejudice resulted from his counsel's decision to allow the plea colloquy to continue. The state court determined that even if the trial court had inquired into Schwartz's mental illness history and medications, the plea could have gone forward. Therefore, there was not a "reasonable probability" that the outcome of the plea would have been different if Schwartz's counsel had insisted on the court inquiring into these topics. *See Strickland*, 466 U.S. at 694.

Accordingly, this ground fails.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA
PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id.

at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2012\12-cv-1175 deny 2254.doc